UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Linda Ruffin, | ) | CASE NO. 1:16 CV 640 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Cuyahoga County, et. al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

This matter is before the Court upon Defendants Cuyahoga County, Sheriff Pinkney, Marcus Harris, Officer Anderson, and Corporal Huerster's Motion to Dismiss Official-Capacity Federal Claims and to Dismiss Official-Capacity State Tort Claims (Doc. 22). This is a civil rights dispute. For the reasons that follow, the motion is GRANTED.

## FACTS

This case arises out of the death of Robert Sharp on March 26, 2015, while he was an inmate at the Cuyahoga County Corrections Center. Sharp's mother, as the administrator of his estate and individually, brings suit against Cuyahoga County; Clifford Pinkney, the Cuyahoga

1

County Sheriff; several employees who work at the Corrections Center, including nurse Marcus

Harris, Corrections Officer Anderson, and Corrections Corporal Huerster; the MetroHealth

System; and two employees of the MetroHealth System who provide health care in the

Corrections Center.[1] Other than Sheriff Pinkney, plaintiff has sued all of the individual

defendants in both their official and individual capacities. She sues Sheriff Pinkney in his official

capacity only. Plaintiff seeks compensatory and punitive damages.

      In her Third Amended Complaint, plaintiff asserts claims under 42 U.S.C. § 1983 for

deliberate indifference to serious medical needs as well as for violation of various state laws:

> Count I is a claim under 42 U.S.C. § 1983 for deliberate indifference to Sharp's serious medical needs in violation of Sharp's Fourteenth Amendment Rights. Plaintiff brings this claim against Cuyahoga County, MetroHealth, Harris, Anderson, Huerster, and the MetroHealth employees.

> Count II is a wrongful death claim under Ohio Rev. Code § 2125.02. She brings this claim against Sheriff Pinkney, the MetroHealth System, Harris, Anderson, Huerster, and the MetroHealth employees.

> Count III is a claim under Ohio law alleging that Sheriff Pinkney, the MetroHealth System, Harris, and the MetroHealth employees "breached their duty and standard of care to provide medical care to Sharp during his incarceration" by "act[ing] in a negligent, reckless, intentional, deliberately indifferent and willful manner."

> Count IV is a claim for medical malpractice against Dr. Thomas Tallman, one of the MetroHealth employees.

> Count V is a claim for "negligence by nurses" against Harris and Elizabeth Kempe, one of the MetroHealth employees.

      In their motion to dismiss, the individual Cuyahoga County defendants–Sheriff Pinkney,

nurse Harris, Officer Anderson, and Corporal Huerster–now move to dismiss the official-

---

[1]     Plaintiff has also sued a number of John and Jane Does.

capacity claims against them. Plaintiff opposes the motion.

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff.  *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999).  Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).  Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*.  Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has

acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

## **ANALYSIS**

### **1. Federal official-capacity claims against Harris, Anderson, and Huerster**

Harris, Anderson, and Huerster move to dismiss the official-capacity claims brought against them in Count I, a § 1983 claim for deliberate indifference to Sharp's serious medical needs. They argue that such claims are redundant of the § 1983 claim against Cuyahoga County. The Court agrees. An official-capacity claim for damages "generally represents only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quotations omitted). If the government entity "received notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* (noting that a plaintiff may only recover on a damages judgment in an official-capacity suit against the government entity, not the official). Thus, if the entity has been named as a defendant, an official-capacity claim brought against an individual agent of the entity is "superfluous" and may be dismissed. *See Faith Baptist Church v. Waterford Tp.*, 522 F. Appx. 322, 327 (6th Cir. 2013) (dismissing official-capacity claims against prosecuting attorney because township was named as a defendant)[2]; *see also Foster v. Michigan*, 573 F. App'x 377,

---

2    The district court in *Faith Baptist* had erroneously dismissed the claims on other grounds. But, noting that it "may affirm on any grounds supported by the record even if different from the reasons of the district court," the Sixth Circuit affirmed because the official-capacity claim was redundant of the claim against the township. *Faith Baptist*, 522 F. Appx. at 327.

389–90 (6th Cir. 2014) ("Where the entity is named as a defendant, an official-capacity claim is redundant.").

Here, Cuyahoga County has been named as a defendant and has had an opportunity to respond; the official-capacity claims against Harris, Anderson, and Huerster in Count I are, therefore, redundant. Plaintiff does not dispute this but argues instead that the claims should not be dismissed because the Sixth Circuit does not mandate dismissal of such claims. While dismissal may not be mandated, the Court finds that this is the more practical and efficient approach. *See, e.g., Epperson v. City of Humboldt, Tenn.*, 140 F. Supp. 3d 676, 683 (W.D. Tenn. 2015) (dismissing official-capacity claims that were redundant of claim brought against government entity and citing cases where district courts dismissed such claims). The federal official-capacity claims brought against Harris, Anderson, and Huerster in Count I are, therefore, dismissed.

**2. State official-capacity claims against Pinkney, Harris, Anderson, and Huerster**

The individual Cuyahoga County defendants next move to dismiss the state official-capacity claims brought against them. They argue that, as agents of Cuyahoga County, they are entitled to the same political subdivision immunity set forth in Ohio Revised Code § 2744.02 that the county is entitled to. Again, the Court agrees.

Determining whether a political subdivision is immune from liability involves a three-tiered analysis. *Lambert v. Clancy*, 125 Ohio St. 3d 231, 233 (2010). First, with certain exceptions, § 2744.02 provides a general grant of immunity to political subdivisions for "damages in a civil action for injury [or] death...allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a

governmental or proprietary function." Ohio Rev. Code § 2744.02(A). The second step of the

analysis focuses on whether any of the five exceptions to political subdivision immunity listed in

§ 2744.02(B) apply. *Lambert*, 125 Ohio St. 3d at 233. The exceptions to immunity are for:

> (1) an employee's negligent operation of a motor vehicle;
> (2) an employee's negligent performance of acts with respect to proprietary
> functions;
> (3) the negligent failure to keep public roads in repair and other negligent failure
> to remove obstructions from public roads;
> (4) an employee's negligence that occurs within or on the grounds of, and is due
> to physical defects within or on the grounds of, buildings that are used in
> connection with the performance of a governmental function, "but not including
> jails, places of juvenile detention, workhouses, or any other detention facility";
> and
> (5) a catchall provision for liability expressly imposed by other statutes.

Ohio Rev. Code § 2744.02(B). If one of the exceptions to immunity applies, then the analysis

proceeds to the third step. At this step, the court determines whether any of the defenses set out

in Ohio Revised Code § 2744.03 apply to shield the political subdivision from liability. *Lambert*,

125 Ohio St. 3d at 233. If none of the exceptions to immunity in § 2744.02(B) applies, then the

court does not address defenses. *Rankin v. Cuyahoga Cty Dept. of Children & Family Servs.*, 118

Ohio St. 3d 392, 397 (2008) ("We need not go further in our immunity analysis, as R.C.

2744.02(A) prohibits the appellees' claim against the department, and there is no exception in

R.C. 2744.02(B) that permits the claim to be resurrected.").

In *Lambert*, the Ohio Supreme Court considered whether the immunity analysis for

political subdivisions applies to office holders who are sued in their official capacity or whether

the employee-immunity provisions of Ohio Rev. Code § 2744.03 apply instead. *Id.* at 236.

Because suing an officeholder in his or her official capacity is "the equivalent of suing the

political subdivision," the court held that the officeholder is entitled to the grant of immunity for

political subdivisions. *Id.* Courts have applied *Lambert* to a variety of officials and employees.

*See, e.g., Snyder v. United States*, 990 F. Supp. 2d 818, 846 (S.D. Ohio 2014) (police officer);

*Harris v. Columbus*, 2016 Ohio 1036, 2016 WL 1051129, at \*7 (Ohio Ct. App. March 15, 2016)

(sheriff); *Newton v. City of Cleveland Law Dept.*, 2015 Ohio 1460, 2015 WL 1737935, at \*4

(Ohio Ct. App. April 16, 2015) (police detectives, county medical examiner, county office

administrator).

Plaintiff does not dispute that employees of political subdivisions who are sued in their

official capacity are entitled to political-subdivision immunity. Nor does she dispute that the

general grant of immunity in § 2744.02(A) is applicable because her claims involve a

government function. *See* Ohio Rev. Code Chapter § 2744.01(C)(2)(h) (listing the operation of a

jail as a governmental function). She also does not argue that any of the exceptions to immunity

set forth in Ohio Rev. Code § 2744.02(B) resurrect her claims. Instead, she cites to *Cater v. City

of Cleveland*, where the Ohio Supreme Court states:

> The political subdivision is immune from liability if the injury [or]
> death...resulted from the exercise of judgment or discretion in determining
> whether to acquire, or how to use, equipment, supplies, materials, personnel,
> facilities, and other resources unless the judgment or discretion was exercised
> with malicious purpose, in bad fath, or in a wanton or reckless manner.

83 Ohio St. 3d 24, 32 (1998). Relying on this statement in *Cater*, plaintiff argues that the

individual Cuyahoga County defendants are not entitled to dismissal of the official-capacity

claims against them because the facts alleged in the Third Amended Complaint show that they

acted with malicious purpose, in bad faith, or recklessly.

However, the portion of *Cater* on which plaintiff relies is quoting Ohio Rev. Code §

2744.03(A)(5).[3] This provision is one of the *defenses* that shields the political subdivision from liability if an exception to the general grant of immunity is applicable. In other words, § 2744.03(A)(5) only comes into play if a plaintiff first shows that one of the exceptions to immunity in § 2744.02(B) applies. Indeed, the court in *Cater* recognized this in rejecting the appellants' argument that § 2744.03(A)(5) provides an independent basis for imposing liability on the city: "R.C. § 2744.03(A)(5) is a *defense to liability; it cannot be used to establish liability*." *Cater*, 83 Ohio St. 3d at 32 (emphasis added). Because plaintiff has not shown or even argued that any of the exceptions to liability in § 2744.02(B) apply, the Court need not proceed to the third step of the immunity analysis and consider whether any of the defenses in § 2744.03 shield defendants from liability. Thus, because Ohio Rev. Code § 2744.02(A) prohibits plaintiff from bringing her state law claims against Cuyahoga County, it likewise prohibits her from bringing such claims against Sheriff Pinkney, Officer Anderson, Corporal Huerster, and nurse Harris in their official capacities. These claims are, therefore, dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Cuyahoga County, Sheriff Pinkney, Marcus Harris, Officer Anderson, and Corporal Huerster's Motion to Dismiss Official-Capacity Federal Claims and to Dismiss Official-Capacity State Tort Claims (Doc. 22) is GRANTED.

---

[3]     Plaintiff notes elsewhere in her brief that Ohio Rev. Code § 2744.03(A)(6) "provides the proper analysis for determining whether an employee of a political subdivision is entitled to any political subdivision immunity." (Pl.'s Mem. in Opp. at 5). Plaintiff is correct that § 2744.03(A)(6) would provide the proper analysis for determining if the individual defendants sued in their *individual* capacities were entitled to immunity. The current motion, however, is directed at plaintiffs' claims against the individual Cuyahoga County defendants in their official capacities.

IT IS SO ORDERED.


                                  /s/ Patricia A. Gaughan

                                  PATRICIA A. GAUGHAN

Dated: 8/31/16                 United States District Judge